Glenn R. Kantor - State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Jonathan M. Feigenbaum
 Email: jonathan@erisaattorneys.com
B.B.O. #546686 184 High Street Suite 503
Boston, MA 02110
Tel: (617) 357-9700

Attorneys for Plaintiff,
DR. DANIEL LIEBERMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| DR. DANIEL LIEBERMAN, | **CASE NO.** |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) BREACH OF CONTRACT |
| UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, | (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendants. | (3) FINANCIAL ELDER ABUSE |
| | DEMAND FOR JURY TRIAL |

Plaintiff Dr. Daniel Lieberman, herein sets forth the allegations of his Complaint against Defendants, UMUN GROUP and UNUM Life Insurance Company of America ("UNUM").

## **PRELIMINARY ALLEGATIONS**

1.     Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 133. The amount in controversy, exclusive od interest and costs, exceeds the sum of

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1   $75,000.00.

2       2.      Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3       3.      Plaintiff is informed and believes that Defendant, UNUM Life

4   Insurance Company of America, is a corporation incorporated in Maine with its

5   principle place of business in Maine. Defendant is authorized to transact and

6   transacting business in the Central District of California and can be found in the

7   Central District of California.

8       4.      The Defendant Unum Group is corporation existing under the laws of

9   the State of Delaware, having a principal place of business at One Fountain

10  Square, Hamilton County, Tennessee, and has a place of business at 1 Mercantile

11  Square, Worcester, Worcester County, Massachusetts. Unum Group is an insurance

12  holding company that controls the activities of its subsidiaries including UNUM

13  Life Insurance Company of America pursuant to a General Services Agreement and

14  other documents governing the operation of UNUM Life Insurance Company of

15  America.

16      5.      Plaintiff, Dr. Daniel Lieberman, at the time of the purchase of the

17  policy which is the subject of this action, was a resident and citizen of the County

18  Riverside, State of California.   Plaintiff is currently a resident of the County

19  Riverside, State of California.

20        **FIRST CLAIM FOR RELIEF AGAINST**

21  **DEFENDANTS UNUM GROUP AND UNUM LIFE INSURANCE**

22  **COMPANY OF AMERICA FOR BREACH OF CONTRACT**

23      6.      Plaintiff incorporates by reference all preceding paragraphs as though

24  fully set forth herein.

25      7.      Prior to 1992, UNUM issued to the California Dental Association a

26  group policy of Long Term Care Insurance.   Pursuant to his membership in the

27  California Dental Association, Dr. Lieberman applied was and issued coverage

28  pursuant to the referenced group policy of Long Term Care Insurance.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

8.     On June 14, 2002, UNUM wrote to Dr. Lieberman and advised him that the referenced group coverage would be terminating and offered him the opportunity to apply for an individual policy of Long Term Care Insurance.

9.     Dr. Lieberman accepted UNUM's offer and applied for and was issued an individual policy of Long Term Care Insurance, UNUM Policy Number LAC752851.

10.     Pursuant to the Policy, Plaintiff was entitled to insurance benefits from UNUM in the event he became disabled from safely performing certain activities of daily living without assistance or stand-by assistance.

11.     In or about 2008, Dr. Lieberman was diagnosed as suffering from Parkinson's disease.   In 2010, he was diagnosed as also suffering Radiculopathy in his Lumbar area, and Lower Motor Neuron Disease leading to progressive muscle atrophy.

12.     During the ensuing years from 2010 through 2017, Dr. Lieberman's physical condition deteriorated to the point where he could no longer safely perform a number of the activities detailed in his UNUM policy without receiving assistance or stand-by assistance from a full time caregiver.   As a result, he retained several different caregivers to provide him with near constant care in his Palm Springs home.

13.     In 2019, he made claim to UNUM seeking benefits under his UNUM Long Term Care policy effective January 1, 2018.   He was assigned claim number 16407339 by UNUM.

14.     Effective February 19, 2020, UNUM denied his claim, asserting it had received inadequate information to support his requiring  the level of care such that he would be entitled to benefits under his policy.

15.     In correspondence dated April 14 & 19, 2020, Dr. Lieberman appealed UNUM's denial of his benefit claim.   On April 20, 2020, UNUM wrote to Dr. Lieberman, denying his appeal, at least in part on the basis that he had not submitted

3

COMPLAINT

additional information in support of his claim.

16.     On July 28, 2020, Dr. Lieberman retained the law firm of Kantor & Kantor, LLP., to assist him with the submission of additional information to support his claim.

17.     Kantor & Kantor retained Joyce Hyam, a Registered Nurse, to perform an assessment of Dr. Lieberman and ascertain his need for caregivers to assist him with his activities of daily living.   Nurse Hyam has a vast amount of experience in performing such assessments on behalf of long term care insurance carriers, including performing assessments at the behest of UNUM.   Nurse Hyam assessed Dr. Lieberman on August 12, 2020.   After completing her assessment, she prepared a report which is attached hereto as Exhibit "1."

18.     On August 17, 2020, a copy of Nurse Hyam's report was provided to UNUM, with a request that it reconsider the additional evidence supporting Dr. Lieberman's claim, including the report of Nurse Hyam, and approve his benefit claim.

19.     On August 18, 2019, UNUM advised Plaintiff's counsel that it would be opening a new claim for the Plaintiff.

20.     On August 20, 2020, Plaintiff's counsel advised UNUM that Plaintiff was not seeking to submit a new claim but was providing additional information with regard to his pending claim.

21.     On August 24, 2020, UNUM directed another letter to Plaintiff's counsel, again denying his claim, but inferring that it was unilaterally and arbitrarily opening a new claim for the Plaintiff effective January 1, 2020.  Exhibit "2."

22.     UNUM's letter of August 24, 2020, constitutes a denial of his claim, and a breach of the insurance contract at issue herein.

23.     All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff. At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed. As a

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

direct and proximate result of Defendant's improper determination regarding the calculation of Plaintiff's entitlement to disability benefits, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. The underpayment of the benefits constitutes a breach of the insurance contract between UNUM and the Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANTS UNUM GROUP AND UNUM LIFE INSURANCE COMPANY OF AMERICA FOR BREACH OF CONTRA CTFOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24.     Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

25.     Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a)     Unreasonably withholding benefits from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said disability benefits under the Policy;

(b)     Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c)     Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d)     Unreasonably failing to properly investigate Plaintiff's claim;

(e)     Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(e)     Unreasonably taking advantage of Plaintiff's status as a disabled

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

senior citizen;

(f)     Improperly underpaying Plaintiff's benefits without adequate notice, and without first having completed a full and fair investigation of his Earned Income as that phrase is utilized by his policy; and

(g)     Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the Policy to further discourage Plaintiff from pursuing his full policy benefits.

26.     Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

27.     As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

28.     As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

29.     As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

30.     Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant

COMPLAINT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

31.  Defendant's conduct in wrongfully denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, and assets essential to his health and welfare. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

### THIRD CLAIM FOR RELIEF
### AGAINST DEFENDANTS UNUM GROUP
### AND UNUM LIFE INSURANCE COMPANY OF AMERICA
### FOR ELDER ABUSE

32.  Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

33.  California Welfare and Institutions Code section 15600, The Elder Abuse and Dependent Adult Civil Protection Act, outlines the need for legislation to protect the elderly in their physical and financial needs as well as the damages for the violation of those obligations.

34.  Defendants conduct constituted Financial Abuse as defined by the Act. "Financial Abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (a) takes, secretes, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use with intent to defraud, or both; (b) assists in taking, secreting, appropriating, obtaining, or

retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

35.    Given the nature of the insurance policy and the insurance coverage at issue herein, Defendants knew, or should have known that its denial of the insurance benefits at issue was a harmful breach, or reasonably should be aware of the harmful breach.

36.    As a direct and proximate result of Defendants' conduct and breach of its obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $2,500,000.00, plus interest, including pre-judgment interest.

2.    General damages for mental and emotional distress and other incidental damages in the sum of $2,500,000.00.

3.    Punitive and exemplary damages in an amount in excess of $10,000,000.00.

4.    A trebling of any punitive damages award pursuant to California Civil Code §3345.

5.    Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6.    Costs of suit incurred herein; and,

7.    Such other and further relief as the Court deems just and proper.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT



DATED: September 1, 2020                    KANTOR & KANTOR, LLP

                                            By:     _/s/ Glenn R. Kantor_
                                                    Glenn R. Kantor
                                                    Attorneys for Plaintiff
                                                    DR. DANIEL LIEBERMAN

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

DATED: September 1, 2020                    KANTOR & KANTOR, LLP

                                            By:     _/s/ Glenn R. Kantor_
                                                    Glenn R. Kantor
                                                    Attorneys for Plaintiff
                                                    DR. DANIEL LIEBERMAN

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

9
COMPLAINT

EXHIBIT 1

8-12-2020-  Skilled Nursing Assessment

by Joyce Hyam, RN, PHN, BSN, MPA/HAS at his Home via Zoom

**Dan LiEBERMAN**

Height:5'7" Weight 143 lbs (22 lb wt loss in the last year)

DOB: 01/24/1941

Diagnoses:

Primary:Parkinson's Disease since 2008

Radiculopathy Lumbar area-Left side is weak/muscle atrophy 2010

Lower Motor Neuron Disease/progressive muscle atrophy 2010


Symptoms include: imbalance/slow movements/freezing at times/abnormal gait

He wears brace on Left leg from just below the knee to upper thigh-He needs assistance putting on and taking off  brace and must wear it whenever he is walking or transferring due to weakness in Left leg

When walking he leans to Right

c/o Episodes of Orthostatic hypotension

Primary Care Doctor: Dr. Daniel Nash at VA Clinic in Palm Springs, Ca-

Last appt. telephone   July 2020

Neurologist: Dr. Dorothee Cole-At VA Clinic in Palm Springs, Ca-To have remote visit

 9-15-2020

He has had 6 falls in the last year with the injury of lacerations on arms/legs/forehead-falls have been inside and outside due to imbalance and uneven surfaces He does not walk by himself-He was not seen in ER for these falls. He uses cane or  front wheeled walker with Hands on assistance by caregiver and he holds furniture and door jams at times for balance also

Insured has **24/7 caregiver** to assist with ADLs and IADLS

His Medication:

Lisinopril 20mg qd

terazosin20 mg qhs

carbodopa/levodopa 25-100 1 tab q3h

areds 2--- 1 tab BID

Caregiver puts medication in small glass for him to take and reminds him q3hrs for
Parkinsons meds and hands to him

**Range of motion**-Upper and Lower extremities

He is able to touch head with both hands

He is unable to point with Left Hand/ finger/arm as he cannot hold his arm up by self-
He needs right arm to lift left arm due to weakness on Left side

He can lift R arm and point with his hand/ finger

While seated he is unable to lift Left leg

While seated he can lift right leg approximately 35 degrees

He is unable to bend down while seated or standing

While seated He can bring hands to mouth and can bring arms out to side

While seated he can hug himself and can touch his shoulders with arms crossed in front
of him

He was noted to have tremors of both hands intermittently

## ADLS

### 1. TRANSFERS: CHAIR AND BED

He was observed to transfer with **hands on** assist by caregiver to stand up from chair to
his walker and **hands on** assist to sit back down as he holds onto chair arm with R hand.

For Bed transfer he slowly walked with cane and **hands on** assistance by caregiver and
he sat on bed with her holding onto him and then she **lifted** his legs onto bed. She then
assisted him **hands on** to sit up in bed and **lift** legs for a sitting position.

### 2.  TOILETING

He walks using walker with caregiver to bathroom very slowly and leads with left leg.
He has abnormal gait. He leans to right and he is hunched over as he pushes walker
which is a front wheeled model. He holds onto door frame and towel bar as he slowly
sits down on toilet and caregiver is **holding** onto him. To stand he then pushes off of
toilet seat with his right hand as caregiver **holds** onto him to boost him to standing.

## 3. SHOWER

He holds onto shower door and then grab bar as caregiver **holds** onto him as he steps into shower stall and sits down on shower stool.  He must hold onto bar at all times when standing. **Caregiver turns water on and off**. He is able to motion washing arms, chest, private areas and can motion washing head. Caregiver **washes** his back, buttocks and legs and feet as he is unable to bend down or reach back. He stands up holding onto grab bar and with caregiver **holding** onto him he steps out of shower stall.  She hands him his cane and he holds onto cane and caregiver **holds** onto him as they walk to other room. He had episodes of stopping" freezing" standing still by doorway until he could walk again.

## 4. INCONTINENCE

He has incontinence of bladder nightly and wears Depends all the time. He needs **assistance** in changing Depends, doing hygiene and he also uses urinal at night. He states he has urgency. He needs caregiver to assist him to get up from bed to use urinal by his bedside at night. He has had 2 episodes of bowel incontinence.

## 5. EATING

He is able to hold a cup of water, bring to his mouth and drink as observed.

## 6. DRESSING

He is unable to bend down to reach feet. He needs assist to apply Depends, shorts, socks, shoes and is unable to do closures due to poor dexterity. He can while seated, remove and reapply a v neck t-shirt as observed.

## 7. MOBILITY

He walks slowly with using a single cane and hands on assistance by caregiver or using a front wheeled walker with hands on assistance by caregiver. He leads with left leg which has brace on and he has slow movement. He can have a  shuffle gait.

3

## COGNITIVE EXAM:MOCA SCORE OF 25/30(OMITTING CLOCK AND CUBE DRAWING)

He is alert and oriented.

### IADLS

He is receiving total assistance for:

 meal preparation/shopping/laundry/housekeeping

In conclusion, this client is requiring and receiving hands on assistance with all ADLS(except for eating)  and IADLS.

He is a fall risk.

He has imbalance, abnormal gait, slow movement and muscle weakness.

He is unable to care for self without the assistance of someone with him 24/7

4

# Joyce Hyam

**P.O. Box 2894, Del Mar, CA, United States ♦ (858) 361 1189 ♦ joycebhyam@gmail.com ♦ LinkedIn: joycehyam**

A healthcare professional whose goal is to assist the organization in providing outstanding customer service to enhance the patient experience.

## EXPERIENCE

**Consultant, Coach, Facilitator, Patient Assessor**                          *San Diego, CA*
*JOYCE HYAM, CONSULTANT*                                                           01/2000 – present

- Present practical tools to all members of the healthcare team in order to improve patient experience, feedback and optimal outcomes based on best practice research
- Lead experiential presentations on positive communication and positive mindset in healthcare to enhance the well being of the patient and the care provider
- Coach on clarification of key issues for improvement of the customer experience
- Perform comprehensive assessments to evaluate client needs
- Perform safety education/ medical equipment evaluation
- Develop health and wellness book
- Author of articles relating to patient care and well being

**Director**                                                                                           *Walnut Creek, CA*
*ADULT CARE SERVICES*                                                                  04/1986 – 05/1999

- Wrote all policies and procedures for state licensure
- Implemented care management and care services for adult population
- Added over one million dollars in revenue for the organization
- Developed and enacted orientation program for all employees
- Instituted patient experience program and opportunities for improvement resulting in 94%positive reviews
- Formulated and administered employee recognition program
- Conducted educational programs and support groups for the community
- Led continuing education classes
- Implemented safety program based on proven strategies
- Streamlined processes and systems

**Registered Nurse**
Hospital and Public Health Nurse

- Kaiser Home Health Nurse                                          Oakland, CA 1979-1986
- Visiting Nurse                                                                San Francisco, CA 1977-1979
- Staff Nurse at New York Hospital                                New York, NY 1976-1977

## EDUCATION

**Master of Public Administration** - Health Services & Organizational Development          *San Francisco, CA*
*UNIVERSITY OF SAN FRANCISCO*                                                                                          1983 – 1985

**Bachelor of Science Nursing**                                                                             *New York, NY*
*CITY UNIVERSITY OF NEW YORK*                                                                           1974 – 1976

# Joyce Hyam

**P.O. Box 2894, Del Mar, CA, United States ♦ (858) 361 1189 ♦ joycebhyam@gmail.com ♦ LinkedIn: joycehyam**

## CREDENTIALS AND CERTIFICATIONS

- California Registered Nurse
- California Public Health Nurse
- Certified Facilitator/Coach

## PUBLICATIONS

- Compassionate Care: A Crucial Component of Care
- The Powerful Connection of Emotions in Healthcare
- The Power of Words in Guiding Patients Toward Recovery
- Top 5 Ways Nurses Can Promote Well being for Themselves and Others
- How to Attract the Right Work Culture in Nursing

EXHIBIT 2

Unum
Appeals Unit
PO Box 9548
Portland, ME 04104-5058
Phone: **1-800-858-6843**
Fax: **207-575-2354**
www.unum.com



August 24, 2020

GLENN KANTOR
KANTOR AND KANTOR LLP
19839 NORDHOFF ST
NORTHRIDGE, CA 91324

RE:   Lieberman, Daniel A
      Claim Number:   16407339
      Policy Number:   LAC752851
      Unum Life Insurance Company of America

Dear Mr. Kantor:

We have received your letter dated August 17, 2020 regarding the appeal decision on Dr. Lieberman's Long Term Care claim.

You enclosed a report of a Skilled Nursing Assessment performed by an independent nurse assessor on August 12, 2020.

This letter is to notify you that the additional information you submitted does not change our prior appeal decision. A copy of our February 19, 2020 letter that explains our appeal decision is enclosed for your reference. We have also enclosed our letters dated April 20, 2020 and May 21, 2020, which addressed concerns raised by Dr. Lieberman.

The August 12, 2020 Skilled Nursing Assessment you submitted does not provide information relevant to Dr. Lieberman's functional ability back to January 1, 2018, which is the time period we assessed for the appeal. At the time of the appeal decision, the last medical information in the file was received on December 14, 2019. There is currently no information in the file

Claimant Name: Lieberman, Daniel A
Claim Number: 16407339

August 24, 2020
Page 2 of 4

from Dr. Lieberman's medical treatment providers after December 14, 2019 to assess his functional abilities since then.

In our appeal decision letter and subsequent communications, we acknowledged that Dr. Lieberman's condition is progressive and his care needs could increase in the future. We invited him to contact the Benefits Center to file a new claim if that occurred.

We have forwarded the August 12, 2020 Skilled Nursing Assessment you submitted to the Benefits Center for review. They will advise you of any additional information needed to assess Dr. Lieberman's functional status as of January 1, 2020 and ongoing. They will inform you of their decision once the claim review is completed.

The contact information for the Benefits Center is as follows:

> Unum
> The Benefits Center
> P.O. Box 100196
> Columbia, SC 29202-3158
> Phone: 1-800-693-4988  Fax: 1-800-268-1377

**Next Steps Available:**

**To All California Residents and Policyholders**

To the extent California law applies to your client's claim, he may also contact the California Department of Insurance if he wishes to have them review his claim.  If your client wishes to write to the Department, the letter should be addressed to:

California Department of Insurance
Claims Services Bureau
300 South Spring Street, South Tower
Los Angeles, CA 90013

If your client wishes to contact the Department by telephone, he should ask for the Claims Services Bureau at 1-800-927- HELP (1-800-927-4357) or 1-213-897-8921 or the TDD number at 1-800-482-4TDD (1-800-482-4833).

Claimant Name: Lieberman, Daniel A
Claim Number: 16407339

August 24, 2020
Page 3 of 4

Your client may also contact the California Department of Insurance at www.insurance.ca.gov.

The policy under which your client is insured has a provision which states, in part, that no lawsuit or legal action shall be brought to recover on the policy after 3 years from the date proof of claim is required.

If you have questions about your client's claim or this process, please call our Contact Center at 1-800-858-6843, 8 a.m. to 8 p.m. Eastern Time, Monday through Friday.  Any of our experienced representatives have access to the claim documentation and will be able to assist you.

If you prefer to speak with me about this letter, I can be reached at the same toll-free number at extension, 59657.

| Spanish: To obtain assistance in Spanish, call 1-800-858-6843. | Para obtener asistencia en Español, llame al 1-800-858-6843. |
|---|---|
| Chinese: To obtain assistance in Chinese, call 1-800-858-6843. | （中文）：如果需要中文的帮助，请拨打这个号码：1-800-858-6843。 |
| Tagalog: To obtain assistance in Tagalog, call 1-800-858-6843. | Kung kailangan ninyo ng tulong sa Tagalog, tumawag sa 1-800-858-6843. |
| Navajo: To obtain assistance in Dine, call 1-800-858-6843. | Dinek`ehgo shika at`ohwol ninisingo, kwiijigo holne` 1-800-858-6843. |

Sincerely,

*Katherine Durrell*

Katherine Durrell
Lead Appeals Specialist

Enclosures:  -Claimant: Appeal
             -Claimant: Appeal Unit
             -Claimant: Appeal Unit